Petty v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Darren Lawrence Petty,

> *Plaintiff-Appellant*,

> v.                                                                                   14-4550

City of New York, Raymond Kelly, Michael Bloomberg, Dr. Archibald, New York City Police Department, Dr. Safran, Marvell, Dep. Dir. Inv., Inv. Feliz, New York City Department of Corrections, of Citywide Admin. Service, Pam Ians,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                     Darren Lawrence Petty, pro se, Lumberton, NJ.

FOR DEFENDANTS-APPELLEES:                Fay Sue Ng, Pamela Seider Dolgow, Assistant Corporation Counsels, New

York City Law Department, New York, NY, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Darren Lawrence Petty, proceeding pro se, appeals the district court's grant of summary judgment dismissing his discrimination and retaliation claims against the City of New York (the "City") and several of its employees and municipal agencies under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As a preliminary matter, Petty's brief addresses only the ruling that his discrimination claims were untimely. He does not challenge the dismissal of his Title VII and ADA claims for failure to exhaust administrative remedies; retaliation claims for inability to establish a prima facie case of retaliation; due process claim for lack of a protected property or liberty interest; or his claims against non-suable municipal agencies and un-served individual defendants. Consequently, these claims are deemed abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Upon review, we conclude that the district court correctly ruled that Petty's NYSHRL and NYCHRL discrimination claims—the only claims not dismissed on the above grounds—were untimely. Claims under the NYSHRL and NYCHRL are subject to a three-year statute of limitations from the date that the claims accrue. N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ("claims under the NYSHRL and the NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts"). Petty's discrimination claims accrued in April 2006, when the New York Police Department ("NYPD") sent him his third and final disqualification letter informing him his employment application was rejected because he had not met the requirements for the position of police officer. Petty, however, did not file his federal complaint until November 2010, more than four years later.

Petty contends that the limitations period should be equitably tolled because the NYPD never sent him any disqualification letters, and he asserts that the letters produced by the City are unreliable evidence because the postmarks they bear were manipulated. The contention that the City never sent the disqualification letters is flatly contradicted by the inclusion of those letters in

3

the record with the corresponding postmarked envelopes and certified mail receipts. And the assertion that those letters are unreliable evidence because the postmarks they bear were manipulated is conclusory and unsupported by any facts. Petty has not demonstrated the extraordinary circumstances that would warrant equitable tolling. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003).

We have considered all of Petty's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4